Samuel H. Hopstadter, J.
Plaintiffs move for an injunction restraining the tabulating or giving effect to any of the ballots cast in a pending election and the conduct of any balloting save by the secret ballot under the supervision of the American Arbitration Association or a similar agency. There is no authority for the requested supervision. Two of the plaintiffs are members of the board of governors of an unincorporated association, a labor union. They are the sole surviving members of the board as it existed prior to a recent election. Four of the defendants are also board members. Elections are held by mailed ballots, since the membership is at sea or at outlying ports. Plaintiffs complain of the violation of the constitutional provision requiring vote by secret ballot in that only one rather than two envelopes were provided, by reason of which the ballot by improper action may be ascertained by holding the single envelope to light. Whether the constitution provides for an inside and outside envelope presents some doubt. Furthermore, plaintiffs seek to enjoin association action in violation of the constitution and there is some doubt whether they have properly proceeded (General Associations Law, § 13). Apart from those considerations, there are other impediments. The balloting has proceeded for a period of 52 days as of January 21, 1959. and *214 will be concluded January 31, 1959. Plaintiffs were aware of the method of balloting adopted and, indeed, as urged, had heretofore recommended that method as compliance with the constitution. For all of the foregoing reasons the balloting should not be stayed, without prejudice, however, to any other order or judgment which may hereafter be made or entered.
The motion is denied. An order may be settled providing for an early trial.